IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SONYA DOMINGUEZ, et al.,

    Plaintiffs,

v.

MANROLAND, INC., et al.,

    Defendants.
_____/

No. CIV S-13-502  KJM JFM

ORDER

        Travelers Property Casualty Company of America ("Travelers") has filed a motion to intervene as a plaintiff in this case. Plaintiffs have filed a statement of non-opposition; defendants have neither opposed nor filed statements of non-opposition.

I. BACKGROUND

        On February 13, 2013, plaintiffs Sonya and Enrique Dominguez filed a complaint in San Joaquin County Superior Court against defendants Manroland, Inc. (Manroland), an Illinois corporation; Accraply (Accraply), a Minnesota corporation; and Stanford Products (Stanford), a New Jersey corporation, alleging that Sonya Dominguez was injured at work while operating a slitter rewinder manufactured by defendant Manroland and designed, supplied, distributed or sold by defendants Accraply and Stanford. The complaint also alleges that Ms. Dominguez's father, who worked at the same plant, suffered emotional trauma from witnessing

1

his daughter's loss of scalp and other injuries. The complaint contains two causes of action: strict and negligent products liability. ECF No. 1-1 at 3-13.

In its motion for leave to intervene as a plaintiff, Travelers alleges that it is the workers' compensation insurance carrier for Mepco, plaintiffs' employer, and has paid sums to both plaintiffs stemming from the accident. Mot. to Intervene, ECF No. 9; Proposed Complaint in Intervention, ECF No. 10. It seeks reimbursement for the workers' compensation benefits it has already paid and for future benefits. *Id*.

II. ANALYSIS

Under Federal Rule of Civil Procedure 24(b), the court may allow intervention of a party who has made a timely motion and "has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." In the Ninth Circuit, "permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotation and citations omitted).

The court has independent jurisdiction over Travelers' action: According to the proposed complaint in intervention, Travelers is a Connecticut corporation, doing business in California and none of the defendants are Connecticut corporations. Moreover, the amount Travelers seeks exceeds the $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

To determine whether the request is timely, the court must examine "'the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay.'" *Jackson v. Abercrombie*, 282 F.R.D. 507, 513, 520 (D. Haw. 2012) (quoting *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995)). The original complaint was filed in February 2013 in San Joaquin County Superior Court and removed to this court in March. Travelers filed its

motion within three weeks of the removal.  ECF No. 8.  Although defendants have answered, the court has not yet held a pretrial scheduling conference.  The motion to intervene is timely.

There are common questions between plaintiffs' action and Travelers' proposed complaint: under California Labor Code sections 3580 and 3582 and Insurance Code section 11662, an employer who is obligated to pay workers' compensation benefits has a right to recover that amount from a tortfeasor and if the employer is insured, the carrier becomes subrogated to the employer's right of action.  *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co*., 7 Cal. App. 4th 1088, 1092 (1992).  This is a sufficient showing of common questions.

Finally, nothing in the record suggests that allowing Travelers to intervene as a plaintiff will delay the prosecution of this case.

IT IS THEREFORE ORDERED that:

1. Travelers' motion to intervene, ECF No. 8, is granted; and

2. Travelers' complaint in intervention must be filed within fourteen days of the date of this order.

DATED:  July 24, 2013.

_____
UNITED STATES DISTRICT JUDGE