1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10   SONYA DOMINGUEZ, et al.,

11          Plaintiffs,                     No. CIV S-13-502  KJM JFM

12          v.
                                            ORDER
13   MANROLAND, INC., et al.,

14          Defendants.
     _____/

15

16          Travelers Property Casualty Company of America ("Travelers") has filed a

17   motion to intervene as a plaintiff in this case.  Plaintiffs have filed a statement of non-opposition;

18   defendants have neither opposed nor filed statements of non-opposition.

19   I.  BACKGROUND

20          On February 13, 2013, plaintiffs Sonya and Enrique Dominguez filed a complaint

21   in San Joaquin County Superior Court against defendants Manroland, Inc. (Manroland), an

22   Illinois corporation; Accraply (Accraply), a Minnesota corporation; and Stanford Products

23   (Stanford), a New Jersey corporation, alleging that Sonya Dominguez was injured at work while

24   operating a slitter rewinder manufactured by defendant Manroland and designed, supplied,

25   distributed or sold by defendants Accraply and Stanford.  The complaint also alleges that Ms.

26   Dominguez's father, who worked at the same plant, suffered emotional trauma from witnessing

                                              1

1   his daughter's loss of scalp and other injuries.  The complaint contains two causes of action:

2   strict and negligent products liability.  ECF No. 1-1 at 3-13.

3          In its motion for leave to intervene as a plaintiff, Travelers alleges that it is the

4   workers' compensation insurance carrier for Mepco, plaintiffs' employer, and has paid sums to

5   both plaintiffs stemming from the accident.  Mot. to Intervene, ECF No. 9; Proposed Complaint

6   in Intervention, ECF No. 10.  It seeks reimbursement for the workers' compensation benefits it

7   has already paid and for future benefits.  *Id.*

8   II.  ANALYSIS

9          Under Federal Rule of Civil Procedure 24(b), the court may allow intervention of

10  a party who has made a timely motion and "has a claim or defense that shares with the main

11  action a common question of law or fact. . . . In exercising its discretion, the court must consider

12  whether the intervention will unduly delay or prejudice the adjudication of the original parties'

13  rights."  In the Ninth Circuit, "permissive intervention requires (1) an independent ground for

14  jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the

15  movant's claim or defense and the main action."  *Freedom from Religion Found. v. Geithner*,

16  644 F.3d 836, 843 (9th Cir. 2011) (internal quotation and citations omitted).

17         The court has independent jurisdiction over Travelers' action: According to the

18  proposed complaint in intervention, Travelers is a Connecticut corporation, doing business in

19  California and none of the defendants are Connecticut corporations.  Moreover, the amount

20  Travelers seeks exceeds the $75,000 threshold for diversity jurisdiction.  *See* 28 U.S.C.

21  § 1332(a).

22         To determine whether the request is timely, the court must examine "'the stage of

23  the proceeding, prejudice to other parties, and the reason for and length of the delay.'"  *Jackson*

24  *v. Abercrombie*, 282 F.R.D. 507, 513, 520 (D. Haw. 2012) (quoting *Idaho Farm Bureau Fed'n v.*

25  *Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995)).  The original complaint was filed in February 2013

26  in San Joaquin County Superior Court and removed to this court in March.  Travelers filed its

1   motion within three weeks of the removal.  ECF No. 8.  Although defendants have answered, the

2   court has not yet held a pretrial scheduling conference.  The motion to intervene is timely.

3          There are common questions between plaintiffs' action and Travelers' proposed

4   complaint: under California Labor Code sections 3580 and 3582 and Insurance Code section

5   11662, an employer who is obligated to pay workers' compensation benefits has a right to

6   recover that amount from a tortfeasor and if the employer is insured, the carrier becomes

7   subrogated to the employer's right of action.  *New Plumbing Contractors, Inc. v. Nationwide*

8   *Mutual Ins. Co.*, 7 Cal. App. 4th 1088, 1092 (1992).  This is a sufficient showing of common

9   questions.

10         Finally, nothing in the record suggests that allowing Travelers to intervene as a

11  plaintiff will delay the prosecution of this case.

12         IT IS THEREFORE ORDERED that:

13         1.  Travelers' motion to intervene, ECF No. 8, is granted; and

14         2.  Travelers' complaint in intervention must be filed within fourteen days of the

15  date of this order.

16  DATED:  July 24, 2013.

17

18

19                                    _____
                                      UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26